## A04A1558. CORLISS CAPITAL, INC. et al. v. DALLY.
### (602 SE2d 304)

BLACKBURN, Presiding Judge.

In this action regarding the enforcement of a consent order settling claims for past due rent under a commercial lease, Corliss Capital, Inc. d/b/a Georgia Farms & Land, Corliss Capital Development Corporation a/k/a Corliss Capital, Inc., and Sid W. Corliss (the Lessees) appeal the trial court's finding that they were in default under the terms of the consent order. For the reasons set forth below, we affirm.

The record shows that, in May 2003, Rebecca P. Dally (Lessor) brought suit against the Lessees for past due rents under a commercial lease totaling in excess of $13,000. The parties resolved this matter by voluntarily entering into a consent order which provided for certain payments to be made on the 15th of each month from October 2003 through August 2004. The consent order further provides:

> If [Lessees] fail to make a payment as stated above on its due date then [Lessees] shall be in default. The [Lessees] may cure a default by paying [Dally] $3000.00 on or before the 20th of the month that said payment became due. Time is of the essence with regard[ ] to the payments made by the [Lessees] pursuant to this Consent Order.

The consent order further states that, without reservation:

> Should the [Lessees] default by failing to make a payment as stated above on its due date, [Dally's] attorney . . . may file an affidavit of the sums owed under this Consent Order plus all remaining monthly rental payments under the Commercial Lease Agreement . . . plus interest . . . , and the clerk upon receipt of said affidavit shall issue Judgment instanter . . . against the [Lessees] for the rent, late fees, interest, and attorney[ ] fees . . . owed [by Lessees].

It is undisputed that Lessees failed to timely make the payment required by the consent order on November 15, 2003. It is also undisputed that Lessees failed to make such payment until November 21, 2003, one day too late to cure their default under the explicit terms of the consent order. Lessees contend that the late payment occurred because one of its employees misunderstood the consent order. Due to this uncured default, on December 1, 2003, Dally's attorney filed an affidavit with the trial court recounting the default

and requesting the trial court to issue an order against the Lessees for the rent, late fees, interest, and attorney fees owed to Dally.

On December 5, 2003, the Lessees conveyed a letter to the trial court, conceding that Dally was entitled to the judgment she was requesting from the trial court. Nonetheless, the Lessees requested "one last chance," contending that the late payment was inadvertent and pointing to the fact that their check had been received and negotiated just one day after the period for curing default. The trial court, based on the plain language of the consent order, filed an order on December 9, 2003, granting Dally's request to accelerate all payments due by Lessees.

"[A] consent order is essentially a binding agreement of the parties that is sanctioned by a court, and it is subject to the rules governing the interpretation and enforcement of contracts. Accordingly, a consent order can be construed according to the general rules of contract construction." (Footnote omitted.) *City of Centerville v. City of Warner Robins.*[1] Furthermore, "[w]here the language of a contract is plain and unambiguous, no construction is required or permissible and the terms of the contract must be given an interpretation of ordinary significance." *MAG Mut. Ins. Co. v. Gatewood.*[2]

In granting Dally's request to accelerate the Lessees' payments for violation of the consent order, the trial court did not abuse its discretion. To the contrary, it merely enforced the plain and unambiguous provisions regarding the consequences of default to which Lessees voluntarily and knowingly agreed. Furthermore, as the record makes clear, Lessees conceded to the trial court that Dally had the right to accelerate payments and did not contest her right to do so. Under these circumstances, we find no error in the trial court's actions.

And, although Lessees now attempt to raise several arguments regarding the validity of the trial court's actions for the first time on appeal, including an argument that Dally waived her right to enforce the default provisions of the settlement agreement by accepting late payments, the result herein does not change, for as stated, the Lessees explicitly conceded in the propriety of the trial court's judgment in a letter addressed to the court. Accordingly, Lessees have waived any right to attempt to circumvent their concession in the proceedings below. "A party cannot complain of error that its own legal strategy, trial procedure, or conduct aided in causing." (Citation and punctuation omitted.) *Redfearn v. Huntcliff Homes Assn.*[3]

---

[1] *City of Centerville v. City of Warner Robins,* 270 Ga. 183, 186 (3) (508 SE2d 161) (1998).
[2] *MAG Mut. Ins. Co. v. Gatewood,* 186 Ga. App. 169, 172-173 (1) (367 SE2d 63) (1988).
[3] *Redfearn v. Huntcliff Homes Assn.,* 260 Ga. App. 150, 155 (1) (a) (579 SE2d 37) (2003).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 16, 2004.

*Larry C. Oldham, Kelly L. Robinette,* for appellants.
*Benton, Preston & Malcom, Robert M. Malcom,* for appellee.